**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

======================================
ALEXANDER LEFKOVITS individually and
on behalf of all others similarly situated

Plaintiff,

-against-

SELIP & STYLIANOU, LLP

Defendant.

======================================

## CLASS ACTION COMPLAINT

### *I. Introduction*

Now comes Plaintiff, by and through his attorneys, and, for his Complaint alleges as follows:

1. Plaintiff Alexander Lefkovits brings this action to secure redress from unlawful collection practices engaged in by Defendant Selip & Stylianou, LLP. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f.

### *II. Parties*

3. Plaintiff is a citizen of the State of New York who resides within this District.

4. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located in Woodbury, New York.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a “debt collector” as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *III. Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *IV. Allegations*

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about May 26, 2016, Selip & Stylianou, LLP sent a collection letter to the Plaintiff Alexander Lefkovits. (see attached exhibit)

12. The said letter was an effort to collect on a consumer debt.

13. Defendant's said letter was deceptive and misleading as it simply identified the "Balance Due," but did not indicate that the balance may increase due to interest and fees.

14. The Plaintiff was left unsure whether the "Balance Due" was accruing interest as there was no disclosure that indicated otherwise.

15. A reasonable consumer could read the notice and be misled into believing that he could pay his debt in full by paying the amount listed on the notice.

16. In fact, however, since interest is accruing daily, and since there are undisclosed costs, disbursements and fees, a consumer who pays the "Balance Due" stated on the notice will not know whether the debt has been paid in full.

17. The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

18. The statement of a "Balance Due", without notice that the amount is already increasing due to accruing interest or other charges, would mislead the least sophisticated consumer into believing that payment of the amount stated will clear his or her account.

19. The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to

consumers that is embodied in Section 1692e.

20. Collection notices that state only the "Balance Due," but do not disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

21. The Plaintiff and an unsophisticated consumer would be led to believe that the "Balance Due" would remain as is and that paying the amount due would satisfy the debt irrespective of when payment was remitted.

22. Yet in reality, the "Balance Due" was not static and interest was accruing daily as represented by the additional letter sent to the Plaintiff on August 5, 2016, regarding the same account, with an attached summons which shows the debt accruing interest the Defendant was seeking to collect accruing interest and fees from the Plaintiff.

23. A consumer who pays the "Balance Due" stated on the collection letter will be left unsure whether the debt has been paid in full, as the Defendant could still collect on any interest and fees that accumulated after the letter was sent but before the balance was paid.

24. The Plaintiff alleges and avers that the Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

25. A debt collector, when notifying a consumer of his or her account balance, must disclose that the balance may increase due to interest and fees.

26. 15 U.S.C. § 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of –

the character, amount, or legal status of any debt; or

(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

27. The said letter is a standardized form letter.

28. On information and belief, the Defendant’s collection letters, such as the said May 26, 2016 collection letter, number in the hundreds.

29. The Plaintiff alleges and avers that Defendant's May 26, 2016 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

30. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

31. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

32. The Plaintiff alleges and avers that Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

33. The Plaintiff alleges and avers that Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

34. The Plaintiff alleges and avers that Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

35. The Plaintiff alleges and avers that Defendant's communications were

designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

36. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Plaintiff alleges and avers that Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

37. These deceptive communications additionally violated the FDCPA since they frustrate the consumer’s ability to intelligently choose his or her response.

38. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## ***V. Class Allegations***

39. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

40. The identities of all class members are readily ascertainable from the records of Selip & Stylianou, LLP and those business and governmental entities on whose behalf it attempts to collect debts.

41. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Selip & Stylianou, LLP, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

42. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

43. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

44. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

45. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate

over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

46. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the FDCPA, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

47. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

48. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

49. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

### *VI. First Cause of Action*

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. This cause of action is brought on behalf of Plaintiff and the members of a class of whom Defendant's records reflect resided in the State of New York:

a) who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff, within one year prior to the date of the

within complaint up to and including the date of the filing of this complaint;

b) the collection letter was sent to a consumer seeking payment of a personal debt;

c) the collection letter was not returned by the postal service as undelivered;

d) the Plaintiff alleges and avers that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

## *VII. Violations of the Fair Debt Collection Practices Act*

52. The Defendant's actions as set forth above in the within complaint violates the FDCPA.

53. Because the Defendant violated the FDCPA, the Plaintiff and the members of the class are entitled to damages in accordance with the FDCPA.

54. As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover statutory damages, costs and attorney's fees.

## *VIII. Jury Demand*

55. Plaintiff demands a trial by jury.

## *IX. Prayer for Relief*

56. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

1) Statutory damages under the FDCPA, 15 U.S.C. § 1692(k);
2) Attorney fees, litigation expenses and costs of suit;
3) An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities; and
4) Such other and further relief as the Court deems proper.

Dated: Brooklyn, New York
May 2, 2017

/s/ David Palace
**Law Offices of David Palace** (DP 3855)
383 Kingston Ave. #113
Brooklyn, New York 11213
Telephone: 347-651-1077
Facsimile: 347-464-0012

# SELIP & STYLIANOU, LLP

Attorneys at Law
**199 Crossways Park Drive**
**P.O. Box 9004**
**Woodbury, NY 11797-9004**
**Phone (800) 293-6006 Fax (516) 706-2469**
10 Forest Avenue, Suite 300
Paramus, NJ 07652

Mitchell Selip, P.C.*
Harry Stylianou, P.C.*°
Richard S. Eichenbaum, P.C.^#
David A. Cohen, P.C.+
Mitchell G. Slamowitz, P.C.+

Service of legal documents not accepted by fax or email

Alicia S. Bursky-Stillman +
Managing Attorney
Bryan Houde+
Carol Van Houten+
David Szalyga+
Adriana Segarra+
Amelia Kunis+
Rachel Hochhauser*
Fotini Karamouzis+

* Admitted NY & NJ
# Admitted FL
+ Admitted NY
^ Admitted NJ
° Admitted PA

ALEXANDER LEFKOVITS
1223 48TH ST APT 3
BROOKLYN NY 11219

May 26, 2016

Re: Creditor: DISCOVER BANK
Account No: XXXX-XXXX-XXXX-0259
S&S File No:[redacted]49
Balance Due: $10,424.68

Dear ALEXANDER LEFKOVITS:

This letter is to notify you that Discover Bank has retained this firm to collect its claim against you for the balance owing on your Discover Card account. Our client has provided us the following information regarding the account:

Amount due at time of charge-off : $10,425.89
Amount credited to account since charge-off: $1.21
Balance due: $10,424.68
Date of last payment: 09/22/2015

Federal law requires that we provide the following validation notice:

*Unless you dispute the validity of this debt or any portion thereof within 30 days after receipt of this notice, the above debt will be assumed to be valid by this office. Should you notify this office in writing within 30 days after receipt of this notice that the debt or any portion thereof is disputed, we will obtain and mail to you verification of the debt or a copy of the judgment, if any, and if also requested, the name and address of the original creditor, if different from the current creditor. Please note that this communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.*





Although this office has **not** filed a lawsuit against you in connection with this matter, nor have we obtained a judgment against you, the New York State Department of Financial Services requires that we provide you with the following notice:

*"Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:*

- *The use or threat of violence;*
- *The use of obscene or profane language; and*
- *Repeated phone calls made with the intent to annoy, abuse, or harass.*

*If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:*
*1. Supplemental security income, (SSI);*
*2. Social security;*
*3. Public assistance (welfare);*
*4. Spousal support, maintenance (alimony) or child support;*
*5. Unemployment benefits;*
*6. Disability benefits;*
*7. Workers' compensation benefits;*
*8. Public or private pensions;*
*9. Veterans' benefits;*
*10. Federal student loans, federal student grants, and federal work study funds; and*
*11. Ninety percent of your wages or salary earned in the last sixty days."*

We are committed to working with you in order to find the best possible resolution of this matter. Kindly contact this office to discuss the various payment options available or visit our website at www.seliplaw.com to make payments online. If you would like to mail a payment to this office, payments should be made payable to DISCOVER BANK.

Thank you for your attention to this matter.

Sincerely,

David Cohen, Esq

# CONSUMER CREDIT TRANSACTION

**IMPORTANT!! YOU ARE BEING SUED!! THIS IS A COURT PAPER - A SUMMONS DON'T THROW IT AWAY!! TALK TO A LAWYER RIGHT AWAY! PART OF YOUR PAY CAN BE TAKEN FROM YOU (GARNISHEED). IF YOU DO NOT BRING THIS TO COURT, OR SEE A LAWYER, YOUR PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING CAN BE HURT!! YOU MAY HAVE TO PAY OTHER COSTS TOO!! IF YOU CAN'T PAY FOR YOUR OWN LAWYER BRING THESE PAPERS TO THIS COURT RIGHT AWAY. THE CLERK (PERSONAL APPEARANCE) WILL HELP YOU!! THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

CIVIL COURT OF THE CITY OF NEW YORK,
COUNTY OF KINGS

--------------------------------------------------------------------------------X

DISCOVER BANK
PLAINTIFF,

-AGAINST-

ALEXANDER LEFKOVITS
DEFENDANT(S).

--------------------------------------------------------------------------------X

INDEX NUMBER [redacted]
S&S FILE NO. [redacted]49

## SUMMONS

PLAINTIFF'S ADDRESS:

C/O DISCOVER PRODUCTS INC.
6500 NEW ALBANY ROAD
NEW ALBANY, OH 43054

THE BASIS OF THE VENUE DESIGNATED IS DEFENDANT'S RESIDENCE

*TO THE ABOVE NAMED DEFENDANT(S)*: YOU ARE HEREBY SUMMONED TO APPEAR IN THE **CIVIL COURT** OF THE **CITY OF NEW YORK, COUNTY OF KINGS** AT THE OFFICE OF THE CLERK OF THE SAID COURT AT **141 LIVINGSTON ST, BROOKLYN, NY 11201**, IN THE CITY AND STATE OF NEW YORK, WITHIN THE TIME PROVIDED BY LAW AS NOTED BELOW AND TO FILE YOUR ANSWER TO THE ANNEXED COMPLAINT WITH THE CLERK: UPON YOUR FAILURE TO ANSWER, JUDGMENT WILL BE TAKEN AGAINST YOU FOR THE SUM OF **$10,424.68** WITH INTEREST FROM May 4, 2016 TOGETHER WITH COSTS AND DISBURSEMENTS OF THIS ACTION.

DATED:

SELIP & STYLIANOU, LLP
ATTORNEYS FOR PLAINTIFF
199 CROSSWAYS PARK DR., P.O. BOX 9004, WOODBURY, NY 11797-9004
(516) 686-8991; (800) 293-6006 ext. 8991; Refer to S&S File No. [redacted]49

NOTE: THE LAW PROVIDES THAT (A) IF THIS SUMMONS IS SERVED BY ITS DELIVERY TO YOU PERSONALLY WITHIN THE CITY OF NEW YORK, YOU MUST APPEAR AND ANSWER WITHIN TWENTY DAYS AFTER SUCH SERVICE; OR (B) IF THIS SUMMONS IS SERVED BY DELIVERY TO ANY PERSON OTHER THAN YOU PERSONALLY, OR IS SERVED OUTSIDE THE CITY OF NEW YORK, OR BY PUBLICATION, OR BY ANY MEANS OTHER THAN PERSONAL DELIVERY TO YOU WITHIN THE CITY OF NEW YORK, YOU ARE ALLOWED THIRTY DAYS AFTER THE PROOF OF SERVICE THEREOF IS FILED WITH THE CLERK OF THIS COURT WITHIN WHICH TO APPEAR AND ANSWER.

DEFENDANT(S) TO BE SERVED:
ALEXANDER LEFKOVITS, 1223 48TH ST APT 3, BROOKLYN NY 11219



CIVIL COURT OF THE CITY OF NEW YORK
141 LIVINGSTON ST RM.302
BROOKLYN, NY 11201

ALEXANDER LEFKOVITS
1223 48TH ST APT 3
BROOKLYN, NY 11219

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

COUNTY OF **KINGS** INDEX (LIBRO) NO. Redacted,

Plaintiff: **DISCOVER BANK**

Defendant: **ALEXANDER LEFKOVITS**

**ATTENTION:** A lawsuit has been filed against you claiming that you owe money for an unpaid consumer debt. You should go to the court clerk's office at the address listed on the face of the envelope as soon as possible to respond to the lawsuit by filing an "answer." You may wish to contact an attorney. If you do not respond to the lawsuit, the court may enter a money judgment against you. Once entered, a judgment is good and can be used against you for twenty years, and your personal property and money, including a portion of your paycheck and/or bank account, may be taken from you. Also, a judgment will affect your credit score and can affect your ability to rent a home, find a job, or take out a loan. You cannot be arrested or sent to jail for owing a debt.

It is important that you go to the court clerk's office listed above as soon as possible. You should bring this notice and any legal papers you may have received. Additional information can be found on the court system's website at: www.nycourts.gov

**PRECAUCIÓN:** Se ha presentado una demanda en su contra reclamando que usted debe dinero por una deuda al consumidor no saldada. Usted debe dirigirse a las ventanillas del secretario del tribunal, localizada en la dirección enumerada en el frente del sobre que recibió, tan pronto como le sea posible, para responder a la demanda presentando una "contestación." Quizás usted quiera comunicarse con un abogado. Si usted no presenta una contestación, el tribunal puede emitir un fallo monetario en contra suya. Una vez emitido, ese fallo es válido y puede ser utilizado contra usted por un período de veinte años, y contra su propiedad personal y su dinero, incluyendo una porción de su salario y/o su cuenta bancaria,los cuales pueden ser embargados. Además, un fallo monetario afecta su crédito y puede afectar su capacidad de alquilar una casa, encontrar trabajo o solicitar un préstamo para comprar un automóvil. Usted no puede ser arrestado ni apresado por adeudar dinero.

Es importante que se dirija a las ventanillas del secretario judicial antes mencionado tan pronto como pueda. Usted debe presentar esta notificación y cualesquiera documentos legales que haya recibido. Puede obtener información adicional en el sitio web del sistema: www.nycourts.gov.